IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE SCHWARTZ, as Special Administrator of the Estate of John L. Peretti, deceased,<br><br>Plaintiff,<br><br>v.<br><br>GRAEBEL VAN LINES, INC. , GRAEBEL TAMPA BAY MOVERS, INC., GRAEBEL TENNESEE MOVERS, INC., and THE ESTATE OF TOMMY NINEDORF,<br><br>Defendants. | No.    05 C 4682<br><br>HONORABLE DAVID H. COAR |

**MEMORANDUM OPINION AND ORDER**

Before this Court is Defendant Graebel Van Lines, Inc.'s ("Graebel's") Motion to Dismiss Tommy Ninedorf as a Defendant. For the reasons stated below, Graebel's motion is DENIED. This case is remanded to the Circuit Court of Cook County, Illinois, Law Division.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On December 20, 2004, a semi-truck traveling southbound on Interstate 75 in Florida collided with trees and a guardrail next to the roadway. John Peretti ("Peretti"), a passenger in the truck, sustained injuries resulting in his death. The truck was owned by Graebel and driven by Tommy S. Ninedorf ("Ninedorf"), who also died in the collision.[1]

---

[1] These facts are taken from the Amended Complaint.

Plaintiff Diane Schwartz ("Plaintiff"), the Special Administrator of the Estate of John Peretti, has filed an eight-count amended complaint against Graebel, two of its subsidiaries—Graebel Tampa Bay Movers, Inc. and Graebel Tennessee Movers, Inc.—and the Estate of Tommy Ninedorf. As to each Defendant, Plaintiff seeks damages under the Illinois Wrongful Death Act or, in the alternative, the doctrine of *res ipsa loquitor*.

Plaintiff's original Complaint, filed on July 18, 2005 in Illinois state court, did not name Ninedorf as a defendant.[2] Graebel removed the case to federal court on August 16, 2005. Shortly thereafter, on August 31, 2005, Plaintiff amended the Complaint to include Ninedorf as a defendant.[3] The amendment destroys this Court's diversity jurisdiction under 28 U.S.C. § 1331, since Plaintiff is a citizen of Illinois and Ninedorf—but no other Defendant—is as well. Specifically, at the time of his death, Defendant Ninedorf resided with his family in Kane County, Illinois; he therefore is considered domiciled in Illinois. Defendant Graebel is a Wisconsin corporation with its principal place of business in Colorado. Defendants Graebel Tampa Bay Movers, Inc. and Graebel Tennessee Movers, Inc. are citizens of Florida and Tennessee, respectively.

---

[2] Nor did the original Complaint name Graebel Tampa Bay Movers, Inc. and Graebel Tennessee Movers, Inc. as defendants.

[3] Plaintiff actually requested leave from this Court on August 31, 2005 to amend the Complaint to name Ninedorf as a defendant and, thereafter, remand the case to state court. This Court reminded Plaintiff in an order dated October 7, 2005, that under Federal Rule of Civil Procedure 15(a), no leave is necessary to amend a pleading before a responsive pleading is served. Accordingly, this Court terminated Plaintiff's Motion to Add Additional Party-Defendants, proceeded on the Amended Complaint attached to the motion, and deemed Defendants' response in opposition to the motion as a Motion to Dismiss Tommy Ninedorf as Defendant.

Since naming Ninedorf as a defendant would destroy the complete diversity between the parties, Plaintiff seeks to remand the case to the Circuit Court of Cook County, Illinois. Graebel opposes remand on the grounds that Ninedorf is not a proper party to this action and therefore should not be joined with the effect of defeating diversity jurisdiction. Accordingly, Graebel has filed a motion to dismiss Ninedorf as defendant,[4] which, if granted, would result in this Court's continued exercise of jurisdiction over the matter.

## II. STANDARD OF REVIEW

A district court has wide discretion in deciding whether to dismiss a party as a defendant in a civil action. Intercon Research Associates, Ltd. v. Dresser Industries, Inc., 696 F.2d 53, 56 (7th Cir. 1982). Rule 21 of the Federal Rules of Civil Procedure–on misjoinder and non-joinder of parties—provides that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and *on such terms as are just*." Fed. R. Civ. P. 21 (emphases added). Further, Rule 21 grants a court the power to dismiss a dispensable, nondiverse party for the purpose of maintaining diversity jurisdiction. Hurley v. Motor Coach Industries, Inc., 222 F.3d 377, 380 (7th Cir. 2000) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989)).

Because Rule 21 does not include a standard for proper joinder, courts use the permissive joinder standards contained in Federal Rule of Civil Procedure 20(a). Hawkins v. Groot

---

[4] As noted above, this Court deemed Graebel's response in opposition to Plaintiff's Motion to Add Additional Party-Defendants as a Motion to Dismiss Tommy Ninedorf as Defendant. This Court then allowed Defendant to submit a supplemental brief in support of its motion, and granted Plaintiff leave to reply.

Industries, Inc., 210 F.R.D. 226, 229-30 (N.D. Ill. 2002); Bailey v. Northern Trust Co., 196 F.R.D. 513, 515 (N.D. Ill. 2000). Under Rule 20(a), joinder of defendants in one action is permitted if: (1) the plaintiff asserts against the defendants "any right to relief . . . arising out of the same transactions or occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Misjoinder occurs when the plaintiff fails to satisfy either requirement. Randleel v. Pizza Hut of America, Inc., 182 F.R.D. 542, 532 (N.D. Ill. 1998). A district court has wide discretion to decide whether joinder in any given situation is—or, in the instant case, *was*—proper.

Fraudulent joinder occurs "when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court." Gottlieb v. Westin Hotel, 990 F.2d 323, 327 (7th Cir. 1993). Fradulent joinder cannot destroy diversity jurisdiction. See id. See also Schwartz v. State Farm Mutual Auto Insurance Co., 174 F.3d 875, 878-79 (7th Cir. 1999) (affirming district court's decision to retain jurisdiction after fraudulent joinder); Faucett v. Ingersoll-Rand Mining & Machinery Co., 960 F.2d 653, 654-55 (7th Cir. 1992) (same).

### III. ANALYSIS

Graebel argues that Ninedorf should not have been joined as a defendant because Ninedorf is Peretti's presumptive employer and therefore immune from suit by Plaintiff under the Illinois Workers' Compensation Act. See 820 Ill. Comp. Stat. 305/1 et seq. Specifically, Graebel argues that, as an employer, Ninedorf was obligated to provide workers' compensation coverage to Peretti; the Court should assume Ninedorf complied with this obligation (as Plaintiff has not alleged breach of any such obligation); therefore, Ninedorf is immune from suit since the

Workers' Compensation Act provides that the Act is an employee's exclusive remedy for employment-related injuries. Plaintiff's joinder of Ninedorf, Graebel contends, is nothing more than a "meritless attempt to surreptitiously defeat" this Court's exercise of diversity jurisdiction. Graebel's Brief in Opp. at 2. In sum, Graebel has asserted not only misjoinder, but also fraudulent joinder.

Plaintiff, by contrast, argues that Peretti was not an employee, but an independent contractor. Therefore, the Workers' Compensation Act is not at issue and Peretti has been joined properly as a defendant in this action.

Accordingly, to succeed on its motion to dismiss, Graebel must show that Ninedorf was in fact Peretti's employer and that the Illinois Workers' Compensation Act applies to this case.

### A. The Illinois Workers' Compensation Act

In Meerbrey v. Marshall Field & Co., 564 N.E.2d 1222, 1225 (Ill. 1990), the Supreme Court of Illinois explained that:

> The Workers' Compensation Act is designed to provide financial protection to workers for accidental injuries arising out of and in the course of employment. Accordingly, the Act imposes liability without fault upon the employer and, in return, prohibits common law suits by employees against the employer.

When an employer is covered by the Act, neither the employee, a dependent or a legal representative of the employee, nor anyone otherwise entitled to recover damages for an injury may recover damages outside the Act. Hunter v. Southworth Products Corp., 775 N.E.2d 238, 241 (Ill. App. Ct. 2002). Thus, "[w]hen the Act applies, whether by statutory definition or election of the employer, the measure of the employer's responsibility is the compensation and other provisions of the Act." Id. at 249. See also 820 Ill. Comp. Stat. 305/11.

Under the Act, an employer includes a person, firm, or private corporation with a person in service or under contract for hire and who is engaged in any of the enterprises or businesses enumerated in Section 3 of the Act, or who has elected to become subject to the Act. See 820 Ill. Comp. Stat. 305/1(a)(2). An employee includes a person "in the service of another under any contract of hire, express or implied, oral or written . . . ." 820 Ill. Comp. Stat. 305/1(b)(2).

The burden is on Graebel to establish that an employee-employer relationship exists. See Doyle v. Rhodes, 461 N.E.2d 382, 386 (Ill. 1984) ("The Workers' Compensation Act provides employers with a defense against any action that may be asserted against them in tort, but that defense is an affirmative one whose elements-the employment relationship and the nexus between the employment and the injury-must be established by the employer, and which is waived if not asserted by him in the trial court.").

### B. Has Graebel Shown that Ninedorf was Peretti's Employer?

In support of its claim that Ninedorf was Peretti's employer, Graebel offers (1) the depositions of Ninedorf's widow and Peretti's ex-wife, and (2) an alleged record of the Industrial Commission claim that Plaintiff filed in a Kane County, Illinois court. As explained below, neither category of evidence is sufficient to show that Ninedorf was Peretti's employer, making the Workers' Compensation Act Plaintiff's exclusive remedy against Ninedorf.

1. **The Depositions**

Graebel deposed both Plaintiff, who is Peretti's ex-wife as well as the Special Administrator of his estate, and Kathleen Ninedorf, the widow of Tommy Ninedorf. While the depositions establish that Peretti was *doing work for* Ninedorf at the time of the accident, they do not establish that Peretti was Ninedorf's *employee*.

In Illinois, the question of whether an individual is an employee versus an independent contractor is a question of fact, though it may be decided as a matter of law if the relationship is "so clear as to be indisputable." Stewart v. Jones, 742 N.E.2d 896, 903 (Ill. App. Ct. 2001). The difference is as follows:

> An independent contractor undertakes to produce a certain result but is not controlled as to the method in which he obtains that result. On the other hand, a principal-agent relationship exists when the principal has the right to control the manner in which the agent performs his work and the agent has the ability to subject the principal to personal liability. There are no rigid rules for determining whether a person is an employee or agent or an independent contractor, but courts should consider the following factors: the right to control the manner in which the work is performed; the right to discharge; the method of payment; whether taxes are deducted from the payment; the level of skill required to perform the work; and the furnishing of the necessary tools, materials, or equipment. The right to control the way the work is performed is the predominant factor.

Id. (internal citations omitted). Accord Young America Realty v. Industrial Commission, 556 N.E.2d 796, 799 (Ill. App. Ct. 1990) (". . . [I]n determining whether an individual is an independent contractor or an employee, no one factor is determinative.").

Because Graebel presents no evidence that would clearly demonstrate an employer-employee relationship—e.g., W-2 statements, business records, tax information, or similar paperwork—the relationship between Peretti and Ninedorf is not "so clear as to be indisputable" such that this Court could decide its nature as a matter of law. Stewart, 742 N.E.2d at 903.

Their relationship, therefore, is a question of fact. This Court permitted discovery on the issue and the parties have presented, from the two depositions, the facts below.

Plaintiff testified that as far, "as far as [she] [understood,]" Peretti "did work for" Ninedorf prior to the accident and at the time of the accident. Graebel's Supplemental Brief, Ex. B, p. 22, l. 21. The trip that resulted in the fatal injuries to Peretti was the only instance, however, Plaintiff knew Peretti to have done work for Ninedorf. The trip originated in DeKalb, Illinois where the truck was loaded, continued through Milwaukee, Michigan or Minnesota, Kentucky, and Florida, and was to have ended in Aurora, Illinois. Plaintiff further testified that Peretti was "assisting" Ninedorf in Ninedorf's driving of freight on behalf of Graebel; that Peretti "helped [Ninedorf] load [and unload] shipments;" and that Peretti would have been paid upon the truck's return to Illinois had the trip been completed. Plaintiff did not know the manner in which Peretti would have been paid for the trip. Graebel's Supplemental Br., Ex. B, p. 22, ll. 7, 23-24; Pl.'s Reply, Ex. A, p. 23, ll. 15-17.

Kathleen Ninedorf's testimony confirmed that Peretti's task was to "help" Ninedorf unload materials from the truck, but never to drive. Graebel's Supplemental Br., Ex. C, p. 40, ll. 15-22. She testified that Ninedorf "hired people like John Peretti all the time" and, "all across the country," Ninedorf "had to hire people to unload . . . shipments when he got to wherever he went." Pl.'s Reply, Ex. B, p. 19, ll. 8, 13-14. She also testified, however, that she did not believe that Peretti was an employee because Ninedorf typically hired people to assist him on a per job basis—"day jobber people." Pl.'s Reply, Ex. B, p. 43, ll. 2-4, 10-12. She "[did not] believe [Ninedorf ] ever did" have salaried employees; she knew of no plans for Peretti to work with Ninedorf after the December 2004 trip; and she believed that, the near future, Peretti intended to

buy Ninedorf's truck and work directly with Graebel. Graebel's Supplemental Br., Ex. C, p. 43, ll. 7-12. Kathleen Ninedorf also testified that she has never seen a piece of paper, including a W-2 form, containing Peretti's name or information about Peretti's employment relationship with Ninedorf. Finally, she "ha[d] no idea" how or how much Ninedorf paid Peretti. Pl.'s Reply, Ex. B, p. 12, l. 24.

Contrary to Graebel's assertions, these depositions are insufficient to demonstrate that Peretti is an employee rather than an independent contractor under Illinois law. The Court considers the factors outlined in <u>Stewart</u>: (1) The depositions shed no light on Ninedorf's right to control Peretti; (2) The depositions shed no light on Ninedorf's right to discharge Peretti; (3) Neither Plaintiff nor Kathleen Ninedorf knew about Ninedorf's method of paying Peretti; (4) Neither knew whether Ninedorf deducted taxes and social security from Peretti's pay, although Kathleen Ninedorf testified that she believed Ninedorf did not have salaried employees; (5) The depositions do not indicate whether Peretti possessed special skills Ninedorf needed or whether Ninedorf simply needed a second set of hands; and (6) The depositions do not indicate which man furnished the necessary tools, materials, or equipment, although the parties appear to agree that the truck was under Ninedorf's control. The Court, therefore, finds that the depositions are insufficient to show that Peretti was Ninedorf's employee.

The Court also notes that the instant case, with its scant facts, bears no similarity to the cases in which Illinois courts found that the individual in question was an employee rather than an independent contractor. In <u>Stewart v Jones</u>, the court found that the individual was an employee because he did not have complete autonomy in running one of the employer's facilities, he received a W-2 form from the employer, and he signed the employer's "Employee

Agreement" and "Company Policy for Temporary Employees." Stewart, 742 N.E.2d at 903-04. In Lister v. Industrial Commission, 500 N.E.2d 134, 137-38 (Ill. App. Ct. 1986), the court found that the individual was an employee because the employer set the individual's pay rate and the individual's business was the same as ninety percent of the employer's business. Moreover, the employer exerted a significant degree of control over the individual because the employer frequently inspected the individual's work, sent help when he found the work progressing too slowly, docked the individual's pay when the employer had to send in such help, and dictated at which job sites the individual would work. Finally, in Peesel v. Industrial Commission, the court found that the individual was an employee rather than an independent contractor because the employer dictated the individual's hours, job location, and manner of completing assignments; the employer provided all customers and solely enjoyed the individual's labor during the lease term; the equipment lease stated that the employer was responsible for supervision and control of all operations under the lease; the employer had the right to discharge the individual for any reason at any time; the individual performed work that was an essential element of the employer's business; the weekly payment schedule completed by the employer referred to the individual as an employee and the employer as an employer; the employer assured the employee, when hospitalized, that the employee was covered under the employer's workers' compensation insurance; and the employer told the individual to send the employer all medical bills. Peesel, 586 N.E.2d at 716-18.

These cases provide examples of the type of evidence Graebel needed to offer in order to show that Ninedorf was Peretti's employer. The deposition excerpts on which Graebel relies are inadequate for the task.

### 2. The Industrial Commission claim

Graebel argues that, in addition to the depositions, an Industrial Commission claim Plaintiff filed in Illinois state court demonstrates that Ninedorf was Peretti's employer. According to Graebel, the claim (a) constitutes an admission by Plaintiff that Peretti was an employee and (b) statutorily precludes Plaintiff from bringing the instant case against Ninedorf.

The only evidence of any such Industrial Commission claim Graebel supplies is a print-out entitled "CASE DOCKET–ICDW." According to Graebel, this piece of paper establishes that Plaintiff has an Industrial Commission claim pending in Kane County. A URL at the top of the page does suggest that the print-out is a product of the Illinois state courts' electronic docketing system. Further, the print-out does contain the names of the parties to this lawsuit (Diane Schwartz and Graebel Van Lines) and the date of the accident at issue. But the Court is left to assume that the acronym ICDW has something to do with the state's Industrial Commission, and this Court cannot discern from the single print-out the kind of case it supposedly documents, the nature of the issues before the Kane County court, the nature of the issues the court may have decided already, and the kinds of representations either party may have made in that proceeding. Graebel has provided no additional information, such as in the form of an affidavit, that would explain to the Court this print-out or the case it supposedly documents. The print-out's significance, then, is limited.

Furthermore, the print-out does not constitute an admission by Plaintiff that Ninedorf was Peretti's employer. "Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them." Keller v. United States, 58 F.3d 1194, 1199 (7th Cir. 1995). They are "not evidence at all but rather have the effect of

withdrawing a fact from contention." Id. Because Plaintiff has not made a formal concession, oral or written, in *this* proceeding that Ninedorf was Peretti's employer, a claim to this effect, if any, in another proceeding is not binding on Plaintiff. See Higgins v. Mississippi, 217 F.3d 951, 954 (7th Cir. 2000) (explaining that "a judicial admission binds only in the litigation in which it is made").

Since the print-out is not a judicial admission, this Court will assume that Graebel was attempting to argue that the print-out is an evidentiary admission. Keller, 58 F.3d at 1199 ("When a party testifying at trial or during a deposition admits a fact which is adverse to his claim or defense, it is generally preferable to treat that testimony as solely an evidentiary admission."). If the print-out is in fact the evidentiary admission Graebel suggests it is, is it not binding; rather it is "just . . . one more bit of evidence to weigh against" Plaintiff's position, and it may be controverted or explained by Plaintiff. Higgins, 217 F.3d at 954. See also Medcom Holding Co. v. Baxter Travenol Laboratories, Inc., 106 F.3d 1388, 1404 (7th Cir. 1997).

Even assuming the print-out is what Graebel says it is, an Industrial Commission claim filed by Plaintiff would not have Graebel's desired effect on the disposition of this motion. Graebel argues that the mere existence of an Industrial Commission claim "statutorily precludes" Plaintiff from bringing a claim against Ninedorf in state or federal court. But when courts have held that a plaintiff was barred from arguing that an independent contractor, rather than employee-employer, relationship existed (and therefore barred from seeking a remedy outside the Workers' Compensation Act), the Industrial Commission claim not only had been filed– the extent of Graebel's allegation here–but also *decided*. See, e.g., Esposito v. Dior Builders, 653 N.E.2d 921 (Ill. App. Ct. 1995); Paluch v. Dever, 612 N.E.2d 36 (Ill. App. Ct. 1993). In those

cases, the Industrial Commission had already ruled that an employer-employee relationship existed. Consequently, the principle of *res judicata* precluded the plaintiff from claiming to be an independent contractor rather than an employee in the civil litigation.

In Paluch, for example, the plaintiff filed a workers' compensation claim against the defendant corporation. The arbitrator issued a memorandum of decision finding that, on the date of the accident, a relationship of employee and employer existed between the decedent and the defendant corporation. The decision awarded plaintiff benefits pursuant to the Workers' Compensation Act. The plaintiff later filed a wrongful death action in state court alleging that the decedent was an independent contractor. The court ruled that "that plaintiff's attempt to relitigate the employment issue is barred by res judicata, since that action has been conclusively decided before the Industrial Commission." Paluch, 612 N.E.2d at 38.

The plaintiff in Esposito was no different: During discovery of the civil action, the plaintiff maintained that he was an uninsured subcontractor. In the earlier workers' compensation case before the Industrial Commission, however, the plaintiff submitted a claim naming the defendant corporation as his employer. He also stipulated twice that, at the time of his accident, he and the defendant were operating under an employee-employer relationship. The arbitrator issued a memorandum of decision finding that an employee-employer relationship existed. Upon these facts, the Esposito court ruled: "It is undisputed that plaintiff applied for and received worker's compensation benefits pursuant to the Act. Thus, as in Paluch, plaintiff's attempt to relitigate the employment issue is barred by res judicata because that action has been decided by the Commission." Id. at 927. The court added: ". . . [N]either plaintiff nor defendants appealed the arbitrator's finding that an employer-employee relationship existed. As

such, we conclude that the arbitrator's decision as to the existence of an employer-employee relationship between the parties was final for purposes of res judicata." Id. at 928.

In the instant case, Graebel has not alleged that an arbitrator has made a final decision in any workers' compensation case involving Plaintiff and Graebel. Nor has Graebel provided evidence that Plaintiff has applied for *and received* benefits under the Workers' Compensation Act. Therefore, any ruling by this Court that Plaintiff is precluded in *this* civil action from arguing that Peretti was an independent contractor, rather than an employer, would be premature.

In sum, Graebel has failed to show that Ninedorf is Peretti's employer and therefore immune from suit by Peretti. As there is no evidence of misjoinder or fraudulent joinder, this Court denies Graebel's motion to dismiss Ninedorf as a defendant.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Tommy Ninedorf as Defendant is DENIED. Tommy Ninedorf has been properly joined and shall remain as a defendant in this action. As complete diversity between the parties no longer exists, this Court will not elect to retain jurisdiction over the action. This case is remanded to the Circuit Court of Cook County, Illinois, Law Division.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **May 15, 2006**